Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Maria Spataro

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Maria Spataro**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Smart Brain Aging Inc. d/b/a HLG Corporate Services LLC**, an Arizona limited liability corporation; **Smart Brain Aging Clinics, LLC,** an Arizona limited liability corporation; and **Dr. John DenBoer**, an Arizona resident;<br><br>Defendants.<br><br>**Smart Brain Aging, Inc**., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>**Maria Spataro and John Doe Spataro**, husband and wife,<br><br>Counter-defendant. | Case No. 2:18-CV-01955-JTT<br><br>**JOINT MOTION TO APPROVE FLSA SETTLEMENT**<br><br>**(Assigned to the Hon. John J. Tuchi)** |

Plaintiff, Maria Spataro, and Defendants, Smart Brain Aging Inc. d/b/a HLG Corporate Services LLC, Smart Brain Aging Clinics, LLC, and Dr. John DenBoer, collectively referred to as the "Parties", by and through their respective undersigned counsel, jointly move this Court to approve their Confidential Settlement and Mutual Release Agreement ("Confidential Settlement Agreement") and dismiss this lawsuit with prejudice.  This Motion is supported by the following Memorandum of Points and Authorities and the Court's entire record herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND AND CLAIMS

On June 21, 2018, Plaintiff filed this lawsuit against Defendants for failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("**FLSA**"); failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

Plaintiff estimates that she was owed $510.00 in wages.  After arms-length negotiation, the Parties have entered into a Confidnetial Settlement Agreement to resolve all claims.  The negotiated Confidential Settlement Agreement is attached hereto as "**Exhibit A**."

Pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-55 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with approval of the District Court or the Secretary of Labor.  Because Plaintiff elected to litigate her FLSA claims against Defendants in United States District Court, the Parties request that the Court approve their settlement as set forth in the attached Settlement

Agreement and dismiss all of the claims asserted by Plaintiff with prejudice.

## II.     ARGUMENT AND CITATION OF LEGAL AUTHORITY

Employees cannot waive claims for unpaid minimum wage under the FLSA; therefore in order to ensure that the employer is relieved of liability in the context of a negotiated settlement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor as provide by 29 U.S.C. § 216(c), or must be approved by the District Court. See *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007) (citing Lynn's, 679 F.2d at 1352-55); Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007).

When employees bring a private action for back wages under the FLSA and present a proposed settlement to the district court, the court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See Lynn's*, 679 F.2d at 1353. Settlements may be permissible in the context of a FLSA lawsuit because initiation of the action provides some assurance of an adversarial context in which the employees are likely to be represented by an attorney who can protect their rights; indeed, there is a "strong presumption" in favor of finding such settlements to be fair. *See Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). If a settlement in a FLSA lawsuit reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the district court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's,* 679 F.2d at 1354.

## III. CONCLUSION

Plaintiff alleges she was owed approximately $510.00 in back wages. This case settled for ▇▇▇. Plaintiff recovered ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Therefore, the agreement is fair and equitable and the Court should approve the FLSA settlement.

The parties therefore respectfully request that the Court review the parties' proposed Confidential Settlement Agreement, rule that the terms of the agreement represent a fair and equitable resolution of this action, and dismiss the claims and counterclaims in this action with prejudice..

DATED August 22, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 113
Scottsdale, AZ 85260
Attorneys for Plaintiff Maria Spataro

**HENDRICKS MURPHY, PLLC**

By: /s/ Brendan Murphy (with permission)
3101 North Central Avenue, Suite 970
Phoenix, AZ 85012
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2018, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: /s/ Ashley Peschke

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com